# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LEE WOODS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 1:19-cv-1178-STA-jay |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## ORDER DISMISSING CLAIM AND
## DIRECTING RESPONDENT TO RESPOND TO REMAINING CLAIMS

On December 3, 2019, Petitioner Anthony Lee Woods filed an amended motion to vacate, set aside, or correct his sentence (the "Amended Petition"), pursuant to 28 U.S.C. § 2255. (ECF No. 9.) The pleading is before the Court for preliminary review.

The Amended Petition nominally asserts four grounds for relief. However, three of the four grounds contain more than one identifiable claim. The Court liberally construes the pleading as advancing the following claims:

> Claim 1: The federal prosecutor engaged in prosecutorial misconduct which resulted in Petitioner receiving a lengthier period of incarceration. (ECF No. 9 at 4; ECF No. 9-1 at 3.)
>
> Claim 2: Counsel provided ineffective assistance by failing to properly bring the prosecutorial misconduct to the Court's attention. (ECF No. 9-1 at 1-2.)
>
> Claim 3: The Bureau of Prisons (the "BOP") has not applied "'good time' or 'program credits'" toward Petitioner's federal sentence. (*Id.* at 1, 4.)
>
> Claim 4: Counsel provided ineffective assistance at the "initial scheduling conference" by telling "the Court that [Petitioner] was guilty." (ECF No. 9 at 5; ECF No. 9-1 at 7.)

Claim 5: Petitioner was "[d]enied the right to have a jury decide if he 'knowingly' violated the 'status' element of 922(g)." (ECF No. 9 at 7.)

Claim 6: "All 3 attorneys" provided ineffective assistance by improperly advising Petitioner that "all the government had to prove was that [he] possessed a firearm." (*Id.*)

Claim 7: Counsel provided ineffective assistance by "fail[ing] to request a psychological evaluation" of Petitioner. (*Id.* at 8.)

Claim 8: Counsel provided ineffective assistance by failing to "provide[] . . . the PSR [to Petitioner] until the deadline to make objections had lapsed and has never . . . provided [him] with the 2nd and 3rd attachments to it." (*Id.*)

Claim 3, which challenges the BOP's alleged failure to properly apply credits toward Petitioner's sentence, is not cognizable in this § 2255 proceeding. Instead, the claim must be filed under 28 U.S.C. § 2241 and must name the inmate's custodian as the respondent. *See Pierce v. United States*, No. 3:12-0121, 2012 WL 1900921, at *2 n.2 (M.D. Tenn. May 24, 2012) (citing *Sutton v. United States,* 172 F.3d 873 (6th Cir. 1998)). Accordingly, Claim 3 is **DENIED** without prejudice.

Respondent, United States of America, is **ORDERED** to file a response to the remaining claims within twenty-eight days from the date of this order. *See Rules Governing Section 2255 Proceedings for the United States District Courts* ("Habeas Rules"), Rule 5(a).

Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service. *See* Habeas Rule 5(d). Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

**IT IS SO ORDERED**.

                                         s/ S. Thomas Anderson
                                         S. THOMAS ANDERSON
                                         CHIEF UNITED STATES DISTRICT JUDGE

                                         Date: December 30, 2019