IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **ANTHONY LEE WOODS,** )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>    Respondent. ) | Cr. No. 1:17-cr-10039-STA-1<br>Civ. No. 1:19-cv-01178-STA-jay |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
FOR TRANSCRIPTS AND DOCUMENTS,
DIRECTING CLERK TO SEND COPIES OF TRANSCRIPTS, AND
ALLOWING SECOND SUPPLEMENTAL REPLY IN § 2255 CASE**

On February 4, 2020, Defendant Anthony Lee Woods filed a motion for copies of transcripts and documents from his criminal case at the Government's expense. (*United States v. Woods*, No. 1:17-cr-10039-STA-1 (W.D. Tenn.), ECF No. 94.)  For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Under 28 U.S.C. § 753(f), an indigent criminal defendant may obtain a transcript at the Government's expense to use in a 28 U.S.C. § 2255 proceeding only "if the trial judge or a circuit judge certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit[.]"  "Conclusory allegations in support of a request for free transcripts do not satisfy these requirements."  *Amadasu v. Mercy Franciscan Hosp.*, 515 F.3d 528, 530 (6th Cir. 2008) (citing *United States v. MacCollom,* 426 U.S. 317, 327 (1976)).

Defendant, here, requests a copy of his motion to substitute counsel filed in his criminal case and copies of transcripts from the detention, report date, change of plea, and sentencing hearings. Subsequent to submission of the Motion, he filed a reply and supplemental reply in his 28 U.S.C. § 2255 case without the aid of the requested documents. (*See Woods v. United States*, No. 1:19-cv-01178-STA-jay (W.D. Tenn.), ECF Nos. 24, 26.) In his reply, however, he states that he is not able to support his arguments with record documents because he does not "have access to" them. (*Id.*, ECF No. 26 at 1.) Because the Government has relied on the report date, change of plea, and sentencing hearing transcripts in opposing Woods's § 2255 claims (*see id.*, ECF No. 19 at 4, 8, 11, 13), the Court "certifies" that the documents are "needed to decide the [§ 2255] issue[s]," and further determines that the suit is not "frivolous." 28 U.S.C. § 753(f). The motion is therefore **GRANTED IN PART** as to those documents. Because the inmate has not shown that the remaining documents are needed to support his § 2255 claims, the motion is **DENIED IN PART** as to those materials.

The Clerk is **DIRECTED** to provide copies of the transcripts lodged in *United States v. Woods*, No. 1:17-cr-10039-STA-1, at ECF Nos. 95, 96, and 98, to Woods at the Government's expense. Upon receipt of the documents, Woods may, if he wishes, file a second supplemental reply in his § 2255 case, limited to five pages in length, within twenty-eight (28) days of entry of this order.

 **IT IS SO ORDERED**.

          s/ S. Thomas Anderson
          S. THOMAS ANDERSON
          CHIEF UNITED STATES DISTRICT JUDGE

          Date: July 1, 2020.