IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ANTHONY LEE WOODS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | No. 1:19-cv-1178-STA-jay |

ORDER DENYING MOTION FOR RECONSIDERATION

On December 3, 2019, Petitioner Anthony Lee Woods filed an amended motion to vacate, set aside, or correct his sentence (the "Amended Petition"), pursuant to 28 U.S.C. § 2255. (ECF No. 9.) On preliminary review of the pleading, the Court dismissed as non-cognizable Petitioner's claim that the Federal Bureau of Prisons ("BOP") failed to apply credits toward his sentence. (ECF No. 11 at 2.) Woods was advised that the claim is properly brought under 28 U.S.C. § 2241. Now before the Court is Petitioner's motion to reconsider that decision. (ECF No. 25.) Woods acknowledges that the claim is properly brought under § 2241, but he argues that the Court should

grant him a "downward departure to account for his unique and complex time served issue in which the BOP would not credit him."[1] (*Id.* at 1.) For the following reasons, the motion is **DENIED**.[2]

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[A] court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). "[A] prisoner may invoke . . . [R]ule [59(e)] only to request 'reconsideration of matters properly encompassed' in the challenged judgment." *Banister v. Davis*, 140 S. Ct. 1698, 1708 (2020) (quoting *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 451 (1982)).

Woods is not entitled to relief on his motion for reconsideration. For one thing, he did not file the document within twenty-eight days of entry of the Court's order. Rather, he submitted the motion more than five months later. In addition, his desire for a seemingly more expeditious route

---

[1] It is not entirely clear whether Petitioner is asking the Court to reconsider its decision to dismiss the prison-credits claim as non-cognizable or its decision in the underlying criminal case to deny a departure below the range of incarceration calculated under the United States Sentencing Commission *Guidelines Manual*. The motion seems to conflate the two issues. If Petitioner means to ask the Court to reconsider its application of the advisory Guidelines, this § 2255 proceeding is not the proper forum for that issue either. *See Bullard v. United States*, 937 F.3d 654 (6th Cir 2019), *cert. denied*, 140 S. Ct. 2786 (Mem.) (2020) (non-constitutional errors are ordinarily not cognizable on collateral review, including challenges to the application of the advisory Guidelines).

[2] Petitioner also asked for a copy of the docket in this case. Because the Clerk's office subsequently provided him with the docket report, the request is moot.

to relief than would be available to him through § 2241 is not an adequate ground for reconsideration.  The motion is therefore **DENIED**.

    **IT IS SO ORDERED**.

                                    **s/ S. Thomas Anderson**
                                    S. THOMAS ANDERSON
                                    CHIEF UNITED STATES DISTRICT JUDGE

                                    Date: October 22, 2021